**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

FRANCIS O ROSSY,

Petitioner,

v. CASE NO.: 7:26-CV-191 (LAG)

Warden ANTOINE CALDWELL,

Respondent.

# ORDER

Pro se Petitioner Francis O. Rossy, a prisoner at Johnson State Prison in Wrightsville, Georgia, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Petitioner also filed a motion for leave to proceed *in forma pauperis* ("IFP"). (Doc. 2). The Magistrate Judge reviewed Petitioner's motion as well as his inmate account statement and found "that Petitioner has deposits made into his account every month that exceed $100 and that at the time of filing his petition, he had $29.97 in his prisoner trust fund account." (Doc. 7 at 1). Because Petitioner could afford to pay the $5.00 filing fee, his request to proceed IFP was denied. (*Id.*). Petitioner was given fourteen days to pay the fee. (*Id.*). Instead, Petitioner filed "Petitioner's Objections to Order Denying Leave to Proceed [IFP] and Motion for Reconsideration" and subsequently, paid the fee on September 11, 2026. (Doc. 8; *see* Docket).

In the Motion for Reconsideration, Petitioner states that the Court "should not treat Petitioner's § 2254 petition as though it were a prisoner civil-rights action subject to the PLRA's [Prison Litigation Reform Act] installment-payment mechanism." (Doc. 8 at 3). The Court has not. Petitioner was succinctly and correctly advised that because his request to proceed IFP was denied, "it is ***his responsibility*** to pay filing fees" and "[t]hus, Petitioner must arrange with prison officials to have the filing fee forwarded to the Court." (Doc. 7 at 1 (emphasis in original)). Petitioner was not ordered to pay the $5.00 fee in installments,

nor did the Court direct the custodian at Johnson State Prison to make deductions from Petitioner's account as set forth in 28 U.S.C. § 1915(b)(2) to pay the $5.00 fee. (*See id*. at 1–2).

Petitioner next argues that "[t]he fact that deposits are made into a prison trust account does not necessarily mean that the prisoner has unrestricted income[,]" that "a balance of $29.97 is not evidence of substantial financial resources[,]" and that "the Court should consider Petitioner's complete financial circumstances[.]" (Doc. 8 at 4, 6). Petitioner is correct that *Anderson v. Singletary*, 111 F. 3d 801, 803, 806 (11th Cir. 1997) held that the fee provisions of the PLRA (28 U.S.C. § 1915) do not apply to federal habeas proceedings. The Court notes, however, that *Anderson* specifically addresses only provisions § 1915(a)(2) and § 1915(b) which outline what prisoners are required to submit to a district court in support of a request to proceed IFP, the assessment of an initial partial filing fee based upon the average balances or deposits in a prisoner's account, and the subsequent collection of the full filing fee from a prisoner litigant. *Id*. *Anderson* does not consider § 1915(a)(1) which applies to "any suit, action or proceeding, civil or criminal, or appeal therein" filed in "any court of the United States[,]" including habeas actions such as this one. 28 U.S.C. § 1915(a)(1); *see generally Anderson*, 111 F. 3d 801. Significantly, 28 U.S.C. § 1915(a)(1) applies to all persons, incarcerated or not, seeking to proceed IFP and is not restricted by the PLRA. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam) (interpreting § 1915(a)(1) to apply to all persons seeking to proceed IFP in the federal courts).

Title 28 U.S.C. § 1915(a)(1) conveys only a privilege to proceed without payment of fees to those litigants unable to prepay costs without undue hardship. *Levy v. Federated Dep't Stores*, 607 F. Supp. 32, 33 (S.D. Fla. 1984) (citing *Startti v. United States,* 415 F.2d 1115 (5th Cir.1969); *see also Mack v. Petty*, No. 1:14–CV–1912–TWT, 2014 WL 3845777, at 1 (N.D. Ga. Aug. 4, 2014). Indeed, under 28 U.S.C. § 1915(a), "the commencement or filing of the suit depends solely on whether the affiant is economically eligible." *Watson v. Ault,* 525 F.2d 886, 891 (5th Cir. 1976). When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the

statements in the affidavit satisfy the requirement of poverty." *Martinez*, 364 F.3d at 1307. A litigant's documents in support of his request to proceed IFP should demonstrate "that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*

While the privilege of proceeding IFP does not require a litigant to demonstrate absolute destitution, it is also clear that "'something more than mere statement and an affidavit that a man is "poor" should be required before a claimant is allowed to proceed in forma pauperis.'" *Levy*, 607 F. Supp. at 34 (S.D. Fla. 1984) (citing *Evensky v. Wright*, 45 F.R.D 506, 508–508 (N.D. Miss. 1968)). Title 28 U.S.C. § 1915(a), "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Mack*, 2014 WL 3845777 at *1. Thus, the district court is given wide discretion to decide motions to proceed IFP and is cautioned to "grant the privilege sparingly[.]" *Martinez*, 364 F.3d at 1306.

In its order denying Petitioner's motion to proceed IFP, the Magistrate Judge found that Petitioner was able to pay the $5.00 filing fee because he had $29.97 on hand in his inmate account and because the Petitioner received regular deposits into his inmate account of more than $100 each month. (*See* Doc. 7 at 1; Doc. 2 at 5–6). Thus, Petitioner plainly had income at his disposal upon filing this action that would have covered the $5.00 filing fee. The application does not meet any of the other tests for determining whether to grant IFP status. Petitioner does not demonstrate that anyone depends on him for support. *See Martinez*, 364 F.3d at 1307; *Wilson v. Sargent*, 313 F.3d 1315, 1319–20 (11th Cir. 2002) (per curiam). Petitioner's basic needs are met by the Georgia Department of Corrections, and he plainly has some discretionary income at his disposal from which he could prioritize the payment of the $5.00 filing fee in this case. *See Wilson,* 313 F.3d at 1319–20 (funds derived from other sources such as family and friends are relevant to indigency determination); *Shephard v. Clinton*, 215 F.3d 1327 (6th Cir. 2000) (unpublished opinion) (holding that district court did not abuse its discretion to deny inmate IFP status where prisoner "could pay the filing fee without depriving himself of the necessities of life" because the "prison system provides for [his] daily care"). Moreover, Petitioner has failed

to provide any information regarding the debits from his account so that the Court can verify the nature of any of his expenditures that he has prioritized rather than paying his filing fee. (*See* Docs. 2, 8); *see also Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989); *Collier v. Tatum*, 722 F.2d 653, 655 (11th Cir. 1983) (noting that "the district court may inquire whether, if a prisoner has no cash credit at the moment of filing, he had disabled himself by a recent drawing on his account and if so, for what purposes" (internal quotation marks omitted)).

**CONCLUSION**

Accordingly, Petitioner has failed to demonstrate that the Magistrate Judge's denial of IFP status in this case was "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). Petitioner's objections are therefore **OVERRULED**. Petitioner has further failed to establish that he is indigent for purposes of 28 U.S.C. § 1915. Accordingly, Petitioner's request for reconsideration (Doc. 8) is **DENIED**. Petitioner must pay the $5.00 filing fee as previously ordered.

**SO ORDERED**, this 26th day of October, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**